**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID PENICK,**

      **Plaintiff,**

  v.                                        **Civil Action 2:20-cv-3331
Judge Sarah D. Morrison
Magistrate Judge Jolson**

**OHIO DEPARTMENT OF CORRECTIONS, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Allow Service without a Marshal Form (Doc. 14), non-parties Jerome Wyckoff's, Acen Fuller's, and Thomas Smith's Motions for Discovery, Evidentiary Hearing, Appointment of Counsel, and Judicial Notice (Docs. 20, 21, 22); and Plaintiff's Motion for Leave of Court (Doc. 26). For the reasons that follow, Plaintiff's Motion to Allow Service (Doc. 14) is **GRANTED in part** and **DENIED in part**, and Plaintiff's Motion for Leave of Court (Doc. 26) is **DENIED as moot**. Finally, the Clerk is **DIRECTED** to **STRIKE** the Motions of non-parties Wyckoff, Fuller, and Smith (Docs. 20, 21, 22).

**I.    BACKGROUND**

Plaintiff, a pro se prisoner currently incarcerated at Belmont Correctional Institution ("BCI") alleges he is at "high risk of death from COVID-19," particularly because he is "disabled," and the institution allegedly inhibits proper social distancing for individuals like him in a wheelchair. (Doc. 1-1 at 1). Roughly one month after filing his Complaint, Plaintiff filed a Motion for Preliminary Injunction (Doc. 5), on which the Court ordered expedited briefing (Doc. 10). On September 3, 2020, the Court, noting it was an opportune time to attempt to resolve this case extrajudicially, appointed Kirsten R. Fraser as counsel for Plaintiff for the limited purpose of

representing him at a court-scheduled mediation. (Doc. 18). Magistrate Judge Abel (ret.) agreed to mediate this case, and the mediation is scheduled for October 6, 2020. (Doc. 27). As noted at the September 21, 2020, telephonic status conference, the Court expects the parties to make the most of this opportunity to resolve this case. And addressing some of the pending motions beforehand will help the parties focus their efforts on this goal.

## II. DISCUSSION

Turning first to Plaintiff's Motion to Allow Service on Annette Chambers Smith Without a U.S. Marshal Form, (Doc. 14), Plaintiff states that does not have the proper paperwork and requests that the Court either send him the correct forms or be permitted to serve Defendant Smith without them. Plaintiff's Motion (Doc. 14) is **GRANTED in part** and **DENIED in part**. Plaintiff must comply with the proper service protocols, and the Court notes that the Clerk mailed Plaintiff a blank summons and a blank United States Marshal Form on August 12, 2020. Nonetheless, to ensure Plaintiff may perfect service in this case, the Clerk is **DIRECTED** to resend these documents to Plaintiff. Next, Plaintiff moves to "reascert [sic] [his] request to proceed in forma pauperis." (Doc. 26). Because the Court already granted Plaintiff leave to proceed *in forma pauperis* in this case, (Doc. 10), Plaintiff's Motion (Doc. 26) is **DENIED as moot**.

Additionally, as noted, three non-party BCI prisoners have filed motions for relief in this case. (Docs. 20, 21, 22). It appears they are seeking to be joined as plaintiffs in this matter and request relief pertaining to BCI's handling of the COVID-19 pandemic. (*See generally id.*). These individuals are not parties in this case, nor have they moved for joinder under Rules 19 or 20 of the Federal Rules of Civil Procedure. And even if they had, this case is about Plaintiff's particularized grievances. In other words, the Court will not expand this case to include three other individuals with different health concerns and grievances simply because they are inmates at the

same institution as Plaintiff. The Clerk is **DIRECTED** to **STRIKE** these Motions (Docs. 20, 21, 22) as a result.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Allow Service (Doc. 14) is **GRANTED in part** and **DENIED in part**, and Plaintiff's Motion for Leave of Court (Doc. 26) is **DENIED as moot**. Finally, the Clerk is **DIRECTED** to **STRIKE** the Motions of non-parties Wyckoff, Fuller, and Smith (Docs. 20, 21, 22).

IT IS SO ORDERED.

Date: September 30, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE