IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID PENICK,

      Plaintiff,

v.                                    Civil Action 2:20-cv-3331
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Jolson

OHIO DEPARTMENT OF CORRECTIONS, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

On February 1, 2021, the Undersigned ordered Plaintiff to respond to Defendants' Motion to Dismiss (Doc. 63), specifically explaining if any of his claims remain ripe following his release. (Doc. 64). As of the date of this Report and Recommendation, Plaintiff has not filed any such response. Accordingly, and for the reasons discussed below, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 11) be **DISMISSED** for lack of jurisdiction.

    **I.**     **BACKGROUND**

The Court recently summarized the procedural posture of this case:

> Plaintiff, who is proceeding pro se, filed a prisoner civil rights complaint on July 1, 2020. In his Complaint, Plaintiff alleges that he is at high risk for contracting COVID-19. (*See generally* Doc. 11). He also alleges that Belmont Correctional Institution ("BeCI") lacks proper accommodations for prisoners in wheelchairs like himself. (*See id*.). Importantly, Plaintiff seeks only injunctive relief against Defendants. (*See id*.).
>
> The next month, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 5). In it, he request[ed]: "a preliminary injunctive order directing that [he be] screened for release" and "an injunctive order that the ODRC fix the handicap accessibility items [he] stated in the Complaint []." (*Id*. at 1). He also seeks "a declaratory judgment concerning ADA/RA social distancing for high risk individuals, the violation of [his] eighth amendment claims, and [his] due process claims." (*Id*. at 5).

> Less than a month later, the Court appointed Plaintiff counsel for the purpose of mediation. (Doc. 18). The parties mediated this matter on October 14, 2020, and continued settlement discussions in the weeks thereafter. Ultimately, however, they were unable to reach a successful settlement. Thus, the Court directed the parties to submit any evidence pertaining to Plaintiff's preliminary injunction motion within twenty-one days. (Doc. 48). The Court noted that, upon review of the parties' submissions, it would determine whether to hold an evidentiary hearing. (*Id*.). Defendants submitted their evidence on December 31, 2020, and Plaintiff did the same on January 4, 2021. (Docs. 53, 54). Because Plaintiff represented that he was unable to access copies of his medical records without a lawyer, the Court directed Defendants to file all of Plaintiff's medical records within their possession. (Doc. 55).
>
> On January 27, 2021, two days after Defendants submitted Plaintiff's medical records, Plaintiff was transferred from BeCI to a halfway house, Ohio Department of Rehabilitation and Correction ("ODRC") Community Transition Center ("CTC") in Lancaster, Ohio. (*See* Doc. 60). [Thereafter] Defendants [] move[d] to dismiss, asserting that Plaintiff's claims are now moot.

(Doc. 64 at 1–2). Considering this posture, along with Defendants' pending Motion to Dismiss (Doc. 60), the Court ordered Plaintiff to respond within twenty-one (21) days, detailing which, if any of his claims remain ripe. (Doc. 64 at 3). In that Order, the Court warned Plaintiff that failure to comply would result in a recommendation that his case be dismissed for lack of jurisdiction. (*Id*.). As of the date of this Report and Recommendation, Plaintiff has not filed any such response.

## II.  DISCUSSION

It is well established that federal courts may only adjudicate live cases or controversies. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Consequently, federal courts lack jurisdiction to consider a case when it has "lost its character as a present, live controversy and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation and citation omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. (quoting *Int'l Union v. Dana Corp*., 697 F.2d 718, 720–21 (6th Cir. 1983)). At base, if "'events occur during the pendency of a litigation which render the court unable to grant the requested relief,' the case becomes moot and thus falls outside

2

[the Court's] jurisdiction." *Demis*, 558 F. 3d at 512; (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir. 2002).

Here, the basis of Plaintiff's Complaint is the alleged conditions he was subject to while incarcerated at BeCI. (*See generally* Doc. 11). Now that Plaintiff is no longer subject to those conditions, as he was transferred from the intuition, "the issues presented are no longer live." *Demis*, 558 F. 3d at 512. Furthermore, as Plaintiff is only seeking injunctive relief (*see* Doc. 64 ("the Court agrees that Plaintiff's Complaint is one for injunctive relief")), the Court is now unable to grant him his requested relief. *Demis*, 558 F. 3d at 512. This is not a circumstance where "a damages claim is not rendered moot because a related injunctive-relief claim becomes moot." *Ermold v. Davis*, 855 F. 3d 715, 719 (6th Cir. 2017). Furthermore, Plaintiff was afforded ample opportunity to explain which, if any of his claims remain ripe following his release. (*See* Doc. 64 at 3). As of the date of this Report and Recommendation, Plaintiff has not provided any such explanation.

### III. CONCLUSION

Accordingly, and for the reasons discussed above, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 11) be **DISMISSED** for lack of jurisdiction.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: March 5, 2021 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE